IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WALTER WILLIAMS,
BOBBY POSEY, and
DANN M. PARKER                                                                                          PLAINTIFFS

v.                                              3:09CV00216HLJ

DICK BUSBY, et al.                                                                                      DEFENDANTS

ORDER

Plaintiffs Bobby Posey and Dann M. Parker are inmates who have not filed Applications to Proceed In Forma Pauperis in order to commence a pro se civil rights action under 42 U.S.C. § 1983 without prepayment of the $350.00 filing fee and costs.[1]

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, the prisoner is required to submit an in forma pauperis application, together with a calculation sheet prepared and executed by an authorized official of the incarcerating facility. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-

---

[1] Plaintiff Walter Williams has filed an application to proceed in forma pauperis (DE #1).

month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). However, the Act also provides that **in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee."** 28 U.S.C. § 1915(b)(3).  Accordingly,

IT IS THEREFORE ORDERED THAT plaintiffs Posey and Parker must submit either the $350 statutory filing fee or in forma pauperis applications within fifteen (15) days of the entry date of this Order.[2]

The Clerk is directed to send to the plaintiffs in forma pauperis applications, together with the filing fee calculation sheets.

DATED this 30th day of November, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[2] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."